v. McDonald, Mr. Carpenter May it please the Court, Your Honor, Kenneth Carpenter appearing on behalf of Mr. James Johnson. The Veterans Court in this case, Your Honor, has failed to apply the correct legal standard in its decision to affirm the Board's denial of Mr. Johnson's entitlement to special monthly compensation. Did the Board apply the correct standard? Beg your pardon? Did the Board apply the correct standard? No, the Board did not apply the correct standard, Your Honor. Well, didn't the Board make the very finding that you say wasn't made when it determined that the elbow conditions individually would not have been sufficient for TDIU? They made that determination based upon the finding that that was part of the decision that was made at the time because all of his service-connected disabilities were considered in the decision made to award a total rating based upon unemployability. However, the rule of law in Bradley and Bowie is that the VA has a duty to maximize the Veterans benefits when considering entitlement to special monthly compensation. And specifically in that regard, they are required and obligated to determine whether not any combination of disabilities would establish the Veterans eligibility for special monthly compensation. I'm confused. If you look at page 240 of the record, the Board's decision, the Board says, although the Veterans representative argues that any one of the disabilities independently meets the criteria for TDIU, that's the opinion now, the Board does not agree. And it goes on to explain why it doesn't agree. And that was the issue with which Mr. Johnson took disagreement with before the Veterans Court. The Veterans Court said that any such disagreement with the weighing or the evaluation of the evidence are outside of the scope of the Veterans Court. And that is simply not correct under the legal question of whether or not that legal standard was correctly applied. They did make that determination, Your Honor, but they made it incorrectly under the criteria set out in Bradley and Bowie. And the Veterans Court had the jurisdiction and the scope of review to determine whether or not that rule of law was correctly applied. Well, they're saying that this Board determination that any one of the disabilities doesn't satisfy TDIU is a fact-finding by the Board, right? That's correct. And then CAVC is simply saying that's not for us to review except for clear error or whatever. Well, that's not the way that I read the Veterans Court decision. Your statement is correct, that they would be limited to a finding of clear error. But it would be clear error if the Veterans Court found that the Board had not correctly applied the legal standard that was imposed upon them under the rule of law in Bradley and Bowie. So what we have is a situation where the Board made a factual finding which dooms your case. And what you're saying is the error of law was that the Veterans Court said it couldn't review that? I do not believe that the premise is correct that the finding made by the Board dooms the case. Why not? Because under the correct application of the legal standard in Bradley and Bowie, they are supposed to look at whether or not there is any combination of the disabilities that would allow for the award of... You keep saying any combination, but in order to get to this special monthly compensation award, you have to find that there's one single disability that results in total disability, right? That there is a disability that is rated total, that's correct. And there isn't any here. But that's not correct, Your Honor, because in fact, before the Board in 2012, the Board made the specific finding that there was evidence that Mr. Johnson's elbow disabilities at page 240 of the record, in that decision, they found that there was a vocational report that said that his elbow disabilities alone rendered him unemployable. That's what the evidence said from that vocational report. But that's a question of whether they made a wrong factual finding, because the language that I read you from the Board opinion is a specific factual finding that it is not true that any one disability would support TDIU. And therefore, Mr. Johnson should have been entitled to challenge that before the Veterans Court. So what you're complaining about is not that the Veterans Court applied the wrong standard for special monthly compensation, but that it applied the wrong standard for when it could review factual findings by the Board. That probably is a better phrase, Your Honor, yes, I think that that is correct. But I believe that that determination was made based upon the Veterans Court's misunderstanding of the rule in Bradley and Boone. And that that... Can you tell me what that is? Because I'm really confused by the briefing in this case. Because it seems to me that the argument in the blue brief was, whenever you have TDIU based upon multiple disabilities, and then you get a new one, you have to go back and reassess whether any of those previous ones could support total disability. Is that right? Is that what your argument is? I believe that the rule is, is that it makes no difference the order in which the ratings are assigned. If there is... Okay. But... So you're... I don't want to overread your argument. Your argument isn't that the Board has the obligation to independently reassess all of those previously assigned ratings and their scheduler ratings and whether they would anew support TDIU. They just look at the scheduler rating, you had a couple tens, a couple thirties, and see if any of the past ones alone would support TDIU. That's correct. And that makes sense in the Bowie case, because he had a TDIU rating based upon multiple disabilities, and then he got a PTSD rating based on 70%. Correct. 70% of course triggered the TDIU. Triggered the second component. But putting aside your citation to that one part of the Board's record, which I'm not sure I read the same way you do, but if you're right, you are. We don't have anything that triggers a TDIU rating for one disability alone, do we? I disagree, Your Honor. I believe that the Board's decision in 2012... We don't have a rating decision. A rating decision? No. You didn't... Well, you have a rating decision in which TDIU is awarded. No, no. That was... I'm sorry. I'm being unclear. We don't have a single rating decision at 60% or above that would trigger the TDIU for one disability. We have the statement you're referring to in the Board's decision that says his elbows might send him alone, but there was no new rating decision that raised the percentage of those elbows. That raised the percentages, although there is the question that is raised in both Bowie and Bradley, which says that there is no obligation to make a claim for, as you make a claim for any other thing before the VA, for special monthly compensation, that it operates as a matter of law, and that when you meet the criteria... No, again, I understand that. Okay. It seems to me that Bowie sets down a rule of law in a very fact-specific area, and that is where you have multiple disabilities contributing to the TDIU award, and then you get a subsequent one, either scheduler or not, that is based on one award, then you do have to go back and re-look at it. But it seems to me that what you're arguing goes a step further and would require the Board, when you get any kind of subsequent rating, even which here is a 10%, to go back and look and see whether any of those prior scheduler ratings, which had already been determined not to support an award of TDIU based on one disability, now can. And you're absolutely right, Your Honor. That's precisely what's being argued in this case, that you are required... Okay. If we don't agree with that rating of Bowie, though, then you lose. That would probably be true, Your Honor. Well, Bowie's not binding on that. Oh, of course Bowie's not binding on that. The question is whether we should create a rule of law that says when you have TDIU based on multiple disabilities, whether there's an obligation in determining special monthly compensation to go back and find and determine whether one of those would stand alone and be sufficient for TDIU, right? That would be correct, Your Honor. Is there anything that would prevent the veteran from... He has this whole parcel of ratings in the 10% to 30% range. If he actually thought that one of them was more serious now, he could always file a new material evidence claim, right, and say, this shouldn't be 30% anymore because it really is interfering with my ability to work, but it's more serious now, so it should go up. Your Honor's suggestion is both intuitive and logical, but there is no procedure within the VA that I am aware of that allows you to do that. Once awarded extra scheduler... No, no, no, not on extra scheduler. I mean, he's got an extra scheduler TDIU rating, but he also has scheduler ratings for all of his extremity things. If he thought his elbow extremities had gotten worse, he can't go back and say, I want an increased rating for my elbows. If they were available under the rating schedule for the particular types of disabilities he has, there isn't a 100% scheduler rating for those disabilities. So he has a maximum rating on the elbows. Actually, I believe there's one more rating above the 30%, but I don't remember... But your contention, if I understand it, is that one of these elbow disabilities should lead to an extra scheduler rating of TDIU, right? Both of them, the bilateral elbow disability. The medical record, the vocational expert said that based upon his bilateral elbow disabilities, that that rendered him unemployable, and that that was a sufficient factual basis upon... The combination of the two of them is a single disability within the meaning of the SMU regulation? Yes, because it is a disability that renders him totally disabled. That was the holding in Bradley that you... What case said that you can combine two ratings in determining whether you should get TDIU? I thought it was agreed that there had to be a single disability which supported the TDIU in order to get special monthly compensation. Well, I'm not sure in the context of paired disabilities, in this case the elbows, that there is a distinction between that being separate. If it were the elbow and the knee, or if it were the elbow and the back, that would be problematic. But in this case, we're talking about the disability that results from the injury that affected his bilateral elbow disability, which is rated at substantially lower schedulely, but the evidence... That was not my understanding. What case says that, that you can combine here the two elbow disabilities and treat them as a single disability for purposes of SMU? I don't think that there is a case as yet that has been addressed by either the Veterans Court or this court that addresses that issue, Your Honor. The Bradley case comes close to that, but there is, in the Bradley case, a single disability that was... What are elbows currently rated at? I believe they're rated at 10% each, schedulely. So even if you do combine them, they don't get to the 60% that would support a TDIU award standing alone. No, but under 416B, you're not required to get... You're getting finally to what I was concerned. And that really, that seems to trouble me, because it seems like when a board makes a rating decision, or the RO makes a rating decision, it implicitly considers whether it should refer under B. The board can't make a finding under B, and the RO can't make a finding under B. They have to refer it, especially to the director of the Office of Compensation or whatever it is, right? Under 416B, that's correct. Are you saying then, sorry, that whenever you have a TDIU rating based on multiple disabilities, and then you get a subsequent rating that's not the full 60% or more that could satisfy a total thing, then the board is under an obligation to not only go back and consider each of those ratings and whether they could support a TDIU award alone, but also a new, whether they should have been referred to the director of Office of Compensation for an award under 4.16B? I believe that that's consistent with the rule established by the Veterans Court, that the Veterans Court had in mind the duty to maximize the benefits and to take a second look, as it were, after the fact, to determine whether or not there are disability or disabilities that would support a total rating, and then would meet the independent 60%. Mr. Carpenter, the way I understand your argument is that the legal error made here was a failure by the Veterans Court and the board to apply BUI. Correct. Okay, tell me what is it that they failed to do under BUI that constituted the legal error? When the Veterans Court said that it did not have to weigh in on the disagreement that Mr. Johnson had with the way in which the board assessed the evidence, that was a legal error, because under BUI and Bradley, the board is charged with an independent responsibility to go back and re-evaluate. The legal error here is a failure to pursue that independent responsibility, not necessarily what the result of that pursuit would be. You want us to lean that so that they can do what they say they should do under BUI. Is that correct? That's correct. And I believe, as Judge Knight more eloquently framed the argument, that this really goes to the scope of review of the Veterans Court by not considering that when they made their review. Thank you. Thank you, Mr. Carpenter. We'll give you two minutes for rebuttal. Ms. Speck? May it please the Court, there simply is no legal issue at issue in this case. Tell me at the beginning, there was a suggestion by Mr. Carpenter that you could qualify for the two elbow disabilities and treating them as a single disability for purposes of determining whether there was a total disability based on a single disability. Is that correct? That you can combine them that way? Your Honor, the only regulation that we're aware of that would somewhat speak to that is 38 CFR 4.26, but that is only talking about scheduler ratings and not extra scheduler  content. Does that regulation have to do with SMU? No, I don't believe, Your Honor. 4.26 is a... 4.26 just discusses bilateral factors. The SMC regulation says it has to be based on a single disability, right? Yes, Your Honor. How could you combine two elbow disabilities to get a single disability? Does the government agree that you can do that? What about 14, 4.15 that says that the following be considered for a permanent total disability, the permanent loss of use of both hands, then it goes on of both feet. Then it distinguishes a one hand and one foot. When it says permanent total disability, permanent loss of both hands, then it is combining the use of both hands, is it not? Your Honor, I'm sorry, I don't hear which regulation you're referring to. That's 4.15, 38 CFR. Let's get your answer first to the question, what's the government's position? Does the government's position that you can or cannot use both elbow disabilities in a single disability for purposes of SMC? Your Honor, I believe our position in this case is that the total disability based on individual unemployability rating was based on the combination of injuries and the fact that the board specifically rejected... Of course it was based on the combination, but his argument is, okay, we have to sort the TDIU could be based on a single disability as required by the SMC regulation. What is your position with respect to the SMC regulation? Can you combine the two elbow disabilities and treat that as a single disability, or do you have to treat each elbow disability separately? My understanding of Mr. Johnson's argument was that each... No, I'm not asking about his argument, I'm asking what your position is. No, Your Honor. Do you consult? What? No, Your Honor, our position is that they cannot be combined to be a single disability for special monthly compensation. They have to find that one of the two elbow disabilities in and of itself would support TDIU? Yes, Your Honor. Okay. I'll go back to my question, in view of your answer, what about 38 CFR 4.15? Which... I'm sorry, Your Honor, I'm forgetting which provision... It speaks as to the total permanent disability would include the permanent loss of use of both hands. Isn't that a combination? But it doesn't talk about... It says the following will be considered the permanent total disability, the permanent loss of use of both hands or both feet, or one hand and one foot. That doesn't talk about both elbows, so it's not discussed in the regulation here. And here there has never been a finding that he was totally disabled. The board specifically rejected that based on medical findings, that that was sufficient based on medical findings just months earlier. So the fact is we have a veteran who has a combination of disabilities that entitled him to a total disability based on individual unemployability, but he does not have that single service-related disability that has been considered totally disabling, which is required for special monthly compensation. If the evidence, and your opponent, I think, points to evidence in the record that shows that the injuries to the elbows has diminished or totally disabled use of the hands and any employability that involves the use of the hands, especially manipulating small tasks, small objects, wouldn't that... How is it that that would not apply? Well, Your Honor, that's reweighing facts that were before... That was the board's province to weigh the facts, not necessarily here. The board disagreed with that. It weighed the evidence... Should they weigh those facts in? Your Honor, they looked at the TDIU award and they concluded that it was not based on one disability, that each disability, both the legs and the upper extremities, rendered Mr. Johnson totally unemployable. So it was always the combination of those disabilities, which is a weighing of facts, which Mr. Johnson disagrees with, but that is not within this court's jurisdiction to go back and reweigh those facts. No, but your opponent's saying that the board legally erred by not going back and weighing the facts. Putting aside the results of the fact weight, just... Is it your position that the board should have gone back and reweighed, and that they actually did do that? Your Honor, our position is that they did weigh those facts. They looked back and they said that the TDIU was based upon a combination of disabilities. The only... Do you think that's what Bowie requires, though? That the board reassess independently the ratings and whether, based upon subsequent developments in the record or the like, that they would support a TDIU, or that it really is looking at what the facts were in Bowie, that when you get a new rating that could or total disability, that they then have to reconsider all of the previous ratings without regard to whether the TDIU is actually based upon multiple disabilities or not. It seems like your friend is reading Bowie as requiring this new independent reassessment of the previous ratings any time you get a new rating, whereas it seems to me all Bowie says is, if you get a new rating that could have supported a TDIU alone, then you have to look at it again and say, that one can support TDIU alone, and then based upon all the other old ones, we get to the 60%, which will get us the SMC. Yes, Your Honor. That's the... That is... We believe that is the correct reading of Bowie. We believe that... Yeah, but what's the government's position? I mean, what Mr. Carpenter is saying is if you get TDIU based on a combination of X and Y disabilities, and then there's a request for SMC, what he's saying is you have to go back and determine whether either X or Y standing alone would be sufficient to give you TDIU. Is the government's position that that's not required? Our position is what's required. As in Bowie, you had a veteran, you had a TDIU... Answer my question, please. Your Honor, I'm not precise. I do not think in this factual circumstance Bowie requires them to... No, that's not the question. Try to answer my question. My question is if the TDIU was granted based on a combination of two ratings, and there's then a request for a special monthly compensation, is there a requirement that the VA go back and determine whether either one of those standing alone would support TDIU, such that because there was a single disability leading to TDIU, the special monthly compensation is up? If there is a new rating, only if that new rating would give rise to a TDIU... You're not answering my question. Your Honor, if they happen to... I'm sorry, I think there are two different scenarios. I've asked you a specific question. I'd like an answer to it. I want to know what the government's position is about that. Do you understand the question? Well, I think it's different if you're looking later. If you're looking at as here, we had a situation where the veteran... No, no, but answer my question. There's no later rating. In my question, the original determination of TDIU was based on a combination of two ratings. Then there's a request for special monthly compensation, and the veteran says, either one of those alone would have been sufficient for TDIU, and therefore, I should get special monthly compensation. What is the government's position as to whether such a determination has to be made or not? Unless there's some new evidence that one of the injuries has increased, then I don't think that the board is under an obligation to go back and evaluate for special monthly compensation. I believe the duty under BUI is triggered when there is something that could individually entitle the veteran to TDIU based on that new injury. If there's nothing to suggest that... I think it's that because if they've made a TDIU determination based upon multiple disabilities, they've already determined that it's not based on a single disability,  Yes, Your Honor. We're talking about the scenario where you already have the TDIU, and then you get a new rating. That's when this obligation to reconsider things comes into effect. Yes, Your Honor. If there is a sufficient basis to suggest that that would be a TDIU on its own. The idea of BUI is you can't not do an evaluation for a TDIU for the new injury simply because they already had a TDIU. BUI stands for what I think your friend says it stands for, that they have to independently reassess all of the previous ones, and whether they now could support a new TDIU finding alone. Does the government agree with that reading of BUI? Assume BUI stands for that. Does the government think that's right? We do not believe that BUI stands for the situation that the government always has to go back. Only when the new injury... But if it does stand for that, do you agree with it or not? Do we agree with what, Your Honor? That broad reading of BUI. We do not agree with the broad reading of BUI. BUI stands, we believe, for the common sense proposition that you can't just ignore a potential new TDIU. The idea is to maximize monthly compensation, and the government couldn't deny someone special monthly compensation merely because they already had a TDIU based upon multiple disabilities. If there's a single disability, it could potentially be the basis for that. So you think BUI is bad law? We don't think BUI is bad law, Your Honor. We think that the plaintiff, the appellant, is over-reading BUI. We believe that BUI, again, stands for the narrow circumstance there, whereas the veteran had a 60% rating for the knee and lower back, and then had a 70% later rating for PTSD. And basically, it says that you can't ignore the fact that potentially they could get a total rating for the PTSD, which, given that they had 60% for the other disabilities, would have potentially entitled them to special monthly compensation. Here, this is very factually different in the fact that we have the board that made factual findings. They, in fact, went back and revisited and said that his TDIU is based upon multiple disabilities, and they disagreed with the fact that any one disability on its own would qualify for a TDIU. When did they say that? They say that on JA-240. Although the veteran's representative argues that any one of these disabilities independently meets the criteria for a TDIU, the board does not agree. For when reviewing the medical evidence on which the TDIU was granted, both the October 2010 and September 2011, their examiners determined that all four extremities contributed to the veteran's unemployability, and thus, there are multiple underlying disabilities upon which the TDIU was based. And you're saying that that says that they undertook the obligation to determine whether any service connected, any combination of the disabilities establishes entitlement to the special monthly compensation, whether a single disability would entitle them? Yes, Your Honor. They specifically rejected that it was based on a single disability, and they believe that it was a multiple disability. And I think the timing is relevant on this. He was given the TDIU in October of 2011, and then the veteran disagreed, and the board reviewed it in May 2012. So we're talking about seven months that elapsed between the finding of the TDIU based upon multiple disabilities and the board's conclusion that he also was not entitled to, and that his TDIU was based upon multiple disabilities. There was nothing intervening that was suggested that any new or more thorough independent review would be necessary or called for under the regulation. If the court has no further questions, we respectfully request that the court affirm the decision of the Veterans Court. Okay. Thank you, Ms. Beck. Mr. Carper, you've got two minutes there. I'd like to go back to page 240 of the joint appendix where the reference is made to the board's attempt to apply the standard in buoying. They specifically refer to when reviewing the medical evidence upon which TDIU was granted, both in an October 2010 and a September 2011 examiner determined. There was no 2011 VA examination. The 2011 report is found in the joint appendix at pages 134 to 137, and that was a vocational report submitted by Mr. Johnson in support of his disagreement that his bilateral elbow disabilities were in fact what precluded him from being able to work. The vocational expert in that report specifically said that Mr. Johnson has lost the ability to perform tasks requiring bilateral manual dexterity or to manipulate small objects with either hand. This limitation itself would preclude all competitive employment. That's at page 136 of the joint appendix. The problem, that's a fact question. The board made the contrary fact determination. But they made a clearly erroneous factual determination which we were precluded from challenging by the fact that the Veterans Court narrowed its scope of review. And this allowed us to challenge our disagreement with that board factual determination by being able to point to this discrepancy in the record between what the board said and what the evidence actually said, and that the evidence actually did relate it to the elbows. And had they applied the rule in Bowie, then they would have sent the matter back to the board for re-adjudication under the proper standard under Bowie. Unless there's further questions from the panel, thank you very much. Okay, thank you, Mr. Carpenter. Thank both counsel.